UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RAMON RODRIGUEZ and ) <br> LINDA RODRIGUEZ, ) <br> ) <br>       Plaintiffs, ) <br>    v. ) <br> ) <br> SAMSUNG ELECTRONICS CO., LTD., ) <br> ) <br>       Defendant. ) | CIVIL ACTION <br> NO. 09-11028-NMG |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FORUM NON CONVENIENS

April 26, 2010

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Ramon Rodriguez ("Mr. Rodriguez"), was severely injured while working in the Korean premises of the defendant Samsung Electronics Co., Ltd. ("Samsung"). He and his wife, Linda Rodriguez ("Mrs. Rodriguez"), have brought this action alleging that Mr. Rodriguez was injured as a result of Samsung's negligence (Count I) and that Mrs. Rodriguez suffered a loss of her husband's society, companionship and consortium (Count II). This matter is presently before the court on Samsung's motion to dismiss for *forum non conveniens* (Docket No. 8), pursuant to which Samsung contends that the matter should be litigated in the Republic of Korea. For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Samsung's motion be DENIED.

## II. STATEMENT OF FACTS[1]

Mr. Rodriguez is a resident of Peabody, Massachusetts. (Compl. ¶ 1). In March 2006, Mr. Rodriguez worked for Axcelis Technologies, Inc., a Massachusetts corporation ("Axcelis"). (Rodriguez Aff. ¶ 2). As part of his job with Axcelis, Mr. Rodriguez traveled to Korea "many times." (Rodriguez Aff. ¶ 8).

Samsung describes itself as "a global leader in semiconductor, telecommunication, digital media and digital convergence technologies" with approximately 179 offices in 61 countries. (Cantor Aff. at Ex. A).[2] During the week of March 15-19, 2006, Mr. Rodriguez traveled to Korea with three other Axcelis employees in connection with the installation of an Axcelis semiconductor manufacturing machine at Samsung's manufacturing facility in Hwasung City, South Korea. (Rodriguez Aff. ¶ 3; Compl. ¶ 4; Kim Aff. ¶ 1). On March 16, 2006, the date of the accident giving rise to this lawsuit, Mr. Rodriguez was working on the "bolt-up" phase of the installation project which

---

[1] The facts are derived from (1) the Complaint (Docket No.1) ("Compl."); (2) the defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss for *Forum Non Conveniens* (Docket No. 9) ("Def. Mem."); (3) Kwan-Sick Kim's Affidavit in Support of Defendant's Motion to Dismiss for *Forum Non Conveniens* (Docket No. 9-2) ("Kim Aff."); (4) Byung Jik Cha's Affidavit in Support of Defendant's Motion to Dismiss for *Forum Non Conveniens* (Docket No. 9-4) ("Cha Aff."); (5) Plaintiffs' Opposition to Defendant's Motion to Dismiss for Forum Non Conveniens (Docket No. 12) ("Pls. Opp."); (6) Affidavit of Ramon Rodriguez (Docket No. 12-2) ("Rodriguez Aff."); (7) Affidavit of Keun Dong Lee (Docket No. 12-3) ("Lee Aff."); (8) Affidavit of Alan L. Cantor (Docket No. 12-4) ("Cantor Aff."); (9) Samsung's Reply Brief (Docket No. 16) ("Def. Reply"); (10) Byung Jik Cha's second affidavit (Docket No. 16) ("Cha II Aff.") and (11) the letter from Dr. Edward Michna (Docket No. 18) ("Michna Letter").

[2] This information comes from Samsung's website and refers to Samsung's business in 2008. (Cantor Aff. at Ex. A).

involved the connection of implant equipment to be used for semiconductor manufacturing. (Kim Aff. ¶¶ 4, 7). Specifically, at the time of the incident, Mr. Rodriguez was helping to assemble the outer enclosure of an Implanter HE300 machine. (Rodriguez Aff. ¶¶ 3, 4). One component of the outer enclosure of this machine is a "rear truss" which weighs at least 300-400 pounds. (Rodriguez Aff. ¶ 5). Mr. Rodriguez alleges that he sustained serious back injuries while attempting to prevent the rear truss of the machine from falling on another worker. (Compl. ¶ 7). It is undisputed that Samsung was responsible for supervising safety at the facility. (Rodriguez Aff. ¶ 4, Kim Aff. ¶¶ 1, 9). Mr. Rodriguez claims that his injuries were the direct and proximate result of defendant's negligent failure to: (i) adequately supervise the work; (ii) provide appropriate equipment with which the workers could safely accomplish the work; and (iii) warn as to the hazard involved in the work or adequately instruct workers as to the safe and proper way to accomplish the work. (Compl. ¶ 8).

According to Mr. Rodriguez, he has been out of work and totally disabled since July 2006 as a result of an "L5-S1 disc bulge with annular tear, superimposed on degenerative disc disease." (Rodriguez Aff. ¶ 7). He also has been diagnosed with depression. (Id.). Mr. Rodriguez has treated with more than a dozen physicians in Massachusetts, and continues to see a specialist in pain management, a social worker and physical therapists. (Id.).

At this time, Mr. Rodriguez is not employed and his only source of income is social security disability benefits. (Rodriguez Aff. ¶ 8). Mr. Rodriguez claims that he

"cannot afford the cost of airfare, lodging and other expenses associated with travel to Korea." (Id.). Moreover, Mr. Rodriguez contends that he is physically unable to endure the 20 hour flight to Korea. (Id.). This was confirmed by his treating physician, Dr. Edward Michna, who is treating Mr. Rodriguez for lumbar radiculopathy. (Michna Letter). According to his doctor, as a result of this condition, Mr. Rodriguez "is unable to fly long distances." (Id.). At oral argument, plaintiffs' counsel stated that if this court grants defendant's motion, plaintiffs would not be able to pursue this action in Korea because of Mr. Rodriguez's physical and financial limitations.

Additional factual details relevant to this court's analysis are described below.

### III. ANALYSIS

#### A. Standard of Review

"The decision to grant or deny a motion to dismiss for *forum non conveniens* is generally committed to the district court's discretion." Adelson v. Hananel, 510 F.3d 43, 52 (1st Cir. 2007) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S. Ct. 252, 266, 70 L. Ed. 2d 419 (1981)). A court may grant a motion for *forum non conveniens* "to avoid trials in places so 'inconvenient' that transfer is needed to avoid serious unfairness[,]" but a "plaintiff's choice of forum should rarely be disturbed." Id. (internal quotation and citation omitted). Moreover, when plaintiffs choose their home forum, as plaintiffs have done here, plaintiffs "should not be deprived of it absent a 'clear showing' of either 'oppressiveness and vexation' or evidence that the chosen forum is

'inappropriate.'" Id. at 53 (quoting Koster v. (Am.) Lumbermens Mut. Cas. Co., 330 U.S. 518, 524, 67 S. Ct. 828, 831-2, 91 L. Ed. 1067 (1947)).[3]

Despite the deference due to plaintiffs' choice of forum, "a 'citizen's forum choice should not be given dispositive weight' and 'dismissal should not be automatically barred when a plaintiff has filed suit in his home forum.'" Interface Partners Int'l Ltd., v. Hananel, 575 F.3d 97, 102 (1st Cir. 2009) (quoting Piper, 454 U.S. at 254 n.23, 102 S. Ct. at 266 n.23).  In sum, a party moving to dismiss on the basis of *forum non conveniens* "bears the burden of establishing that (1) there is an adequate alternative forum, and (2) that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum."  Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 423-24 (1st Cir. 1991) ("Mercier I") (internal citation omitted).

### B.       South Korea as an Adequate Alternative Forum

Generally, an alternate forum is considered adequate "if the defendant demonstrates that the alternative forum addresses the types of claims that the plaintiff has brought and that the defendant is amenable to service of process there." Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000).  Thus, "a finding that there is a satisfactory alternative forum requires that (1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court."

---

[3] The First Circuit has clarified that "the term 'oppressiveness and vexation' neither created an independent standard nor raised the bar for dismissal in *forum non conveniens* cases." Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 15 (1st Cir. 2000).

Mercier I, 935 F.2d at 424 (internal quotation omitted).  According to the affidavits submitted by both parties, it appears undisputed that the courts of South Korea would exercise jurisdiction over this case.  (See Cha Aff. ¶¶ 4-5; Lee Aff. ¶ 3).  It also appears that Korean civil code and courts provide for actions arising from accidents, and plaintiffs "can receive compensation for their lost revenues, incurred medical expenses, future medical expenses and pain and suffering." (Cha Aff. ¶ 6).  Finally, while the statute of limitations may provide an obstacle to this case being heard in Korea, defendant has agreed at oral argument to waive any related defense.  (See id. at ¶ 9).[4]

Plaintiffs argue that Korea is an unsuitable alternative venue because of Mr. Rodriguez' physical and financial limitations.  While, as detailed infra, this court has considered Mr. Rodriguez' personal limitations in evaluating the convenience of Korea as an alternate forum, "personal difficulties with [a foreign venue] - as opposed to a showing of [the foreign venue's] systematic inadequacy - [do not] provide an appropriate basis for a finding that [the foreign venue] is an inadequate forum." Mercier I, 935 F.2d at 427.

Therefore, because Samsung has shown that all parties come under Korean jurisdiction, and that similar remedies are available in Korea as are available in the

---

[4] This concession may be insufficient as defendant has not proffered any evidence that a defendant has the ability to waive a statute of limitations defense in Korea.  See Mercier I, 935 F.2d at 426 (holding that despite defendant's willingness "to abandon [statute of limitations defenses], the [plaintiffs] must be given an opportunity to address the question of whether [foreign] courts would accept such a waiver.").  However, even assuming that the statute of limitations does not present a bar to this case being heard in Korea, this court recommends denial of defendant's motion on the alternate grounds discussed herein.

present forum, and because neither party has asserted that plaintiffs would be treated unfairly by the Korean courts, this court finds that Korea is an adequate alternate forum.

### C. Private and Public Interests

Having determined that Korea provides an adequate alternate forum, the court must weigh "[w]ell-established 'public interest' and 'private interest' criteria [to] guide [this court's] determination as to the relative convenience of an alternative forum." Mercier v. Sheraton Int'l, Inc., 981 F.2d 1345, 1354 (1st Cir. 1992) ("Mercier II"). Private interest factors to consider include the:

> "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises if view would be appropriate to the action; ... all other practical problems that make trial of a case easy, expeditious and inexpensive" and "questions as to the enforceability of a judgment if one is obtained."

Mercier I, 935 F.2d at 424 (quoting Gulf Oil, 330 U.S. at 508, 67 S. Ct. at 843). Among the public interest factors to be considered are:

> the administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper, 454 at 241 n.6, 102 S. Ct. at 258 n.6 (quoting Gulf Oil, 330 U.S. at 509, 67 S. Ct. at 843). However, these lists of factors are "illustrative rather than all-inclusive." Iragorri, 203 F.3d at 12. "'The ultimate inquiry is where trial will best serve the

-7-

convenience of the parties and the ends of justice.'"  Id. (quoting Koster, 330 U.S. at 527, 67 S. Ct. at 833).  The plaintiff's choice of forum should only be disturbed "when the private and public interest factors clearly point towards trial in the alternative forum." Piper, 454 U.S. at 255, 102 S. Ct. at 266.

### Private Interests

While "the fact that the events relating to [defendant's] alleged misconduct occurred in [the alternate forum] weighs heavily in favor of the foreign forum," Interface Partners, 575 F.3d at 104, on balance, the private interests in this case largely favor retaining jurisdiction.  For example, a transfer of venue to Korea admittedly would increase the "relative ease of access to sources of proof" relating to the machine in question and the Samsung facility where the accident took place, and would also allow for "the possibility of view of premises[.]"  Mercier I, 935 F.2d at 424.  However, other discovery, such as expert medical records and testimony, financial, and job performance records and reports, as well as depositions and testimony from the plaintiff's co-workers, will all take place in Massachusetts.  Therefore, while the accident locus is in Korea, the weight of this factor is mitigated because substantial discovery will take place in both the present forum and Korea.

Another important private factor to consider is the "availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses[.]"  Id. at 424 (quotation and citation omitted).  "[T]he ability to produce live testimony can weigh strongly in favor of a particular forum."  Interface Partners, 575

F.3d at 105.  This is because "the live testimony of key witnesses for the purposes of pre-senting demeanor evidence is essential to a fair trial."  Iragorri, 203 F.3d at 17 (internal quotation, punctuation and citation omitted).  Here, the relative availability of live witnesses greatly favors retaining jurisdiction in Massachusetts.

Plaintiffs identify many potential witnesses they expect to testify, all of whom are residents of Massachusetts.  (Rodriguez Aff. ¶ 9).  These include the three Axcelis employees who were on-site at the time of the accident (id. at ¶ 9A), and those who have critical information about the specifications for the machine and the proper methods for assembling and installing the Axcelis machine (id. at ¶ 9B), in addition to the Axcelis employees who negotiated the contract with Samsung.  (Id.).  All of these witnesses are located in Massachusetts, and would have to be compelled to testify if the case is litigated in Korea.  Therefore, the cumbersome protocols of the Hague Convention would have to be invoked for discovery purposes and these witnesses would be unavailable to provide live testimony at a trial in Korea.

Similarly, the plaintiffs have identified three and possibly more providers of medical services who may be called as witnesses at trial.  (Id. ¶ 9D).  Again, these witnesses are all located in Massachusetts and would not be available to testify at a Korean trial.

Furthermore, as detailed above, given his present medical condition, it appears that Mr. Rodriguez himself would be unable to travel to Korea to present his own testimony.[5] All these facts weigh heavily in favor of this court maintaining jurisdiction over this action.

The plaintiffs' proposed witness list contrasts sharply with the information provided by the defendant in support of its motion to dismiss. Admittedly, "there is no 'blanket rule' that a defendant affirmatively demonstrate, by affidavit, the unavailability of a foreign witness and the significance of the witness's testimony." Mercier II, 981 F.2d at 1356. However, Samsung has merely listed the names of six "Korean residents (some [Samsung] employees) who were present on-site during the time period of the alleged accident," plus Kwan-Sick Kim, the Samsung employee in charge of jobsite safety at the site. (Kim Aff. ¶¶ 9-10). This court cannot evaluate the importance of these potential witnesses' testimony in the absence of information. More significantly, Samsung can cause its own employees to provide live testimony if the action remains in Massachusetts, and can also bear the associated financial burden of transporting the witnesses to provide live testimony, if it so chooses. As such, Samsung has not met its burden of identifying any witnesses that would not be available to testify in Massachusetts. Therefore, based on the record before the court, it appears that "justice

---

[5] This court recognizes that the plaintiff's medical condition is in dispute, and that the defendant challenges the sufficiency of the doctor's letter that the plaintiff submitted. However, there is evidence from the plaintiff himself that he cannot travel. Moreover, in light of all the important witnesses in Massachusetts, this court does not believe that further evidence regarding the plaintiff's condition is necessary before the motion to dismiss is decided.

could be done more perfectly in [the present] forum . . . because of the relative ease of communicating the most important (and the most controversial) testimony to the fact-finder." Iragorri, 203 F.3d at 16-17 (affirming district court's emphasis on ensuring live testimony regarding key facts).

Finally, "an action should not be dismissed on *forum non conveniens* grounds without first considering the realities of the plaintiff's position, financial or otherwise, and his or her ability as a practical matter to bring suit in the alternative forum." Mercier II, 981 F.2d at 1353 (internal quotation omitted). For instance, "financial hardships may be relevant . . . [because they] may constitute one of the practical problems that help to determine whether trial of a case in a given venue will (or will not) be convenient." Iragorri, 203 F.3d at 17 (internal quotation omitted). "For an individual of modest means, the obligation to litigate in a foreign country is likely to represent a considerably greater obstacle than for a large business organization[.]" Carey v. Bayerische Hypo-Und Vereinsbank AG, 370 F.3d 234, 238 (2d Cir. 2004).

Here, Mr. Rodriguez claims he cannot afford to travel to Korea, and he and his treating physician state that Mr. Rodriguez physically cannot travel to Korea. Plaintiffs' statement that they would not be able to pursue an action in Korea underscores how burdensome a transfer of venue would be to plaintiffs. In contrast, Samsung regularly litigates in the United States and will presumably have little financial or practical difficulty defending itself in the present forum. In sum, and for all the reasons detailed herein, the private interest factors greatly favor retaining jurisdiction.

## Public Interests

In arguing that public interest considerations favor dismissal, Samsung places great emphasis on the fact that plaintiffs' claims must be governed by South Korean law. Plaintiffs do not contest the likelihood that South Korean law will be applied to the matter. (See Pls. Opp. at 6). For purposes of this motion, this court assumes, without deciding, that South Korean law will govern plaintiffs' claims.

The Supreme Court has held that "the need to apply foreign law point[s] towards dismissal." Piper, 454 U.S. at 260, 102 S. Ct. at 268. However, it is also well established that the application of foreign law is not dispositive, and that because "the task of deciding foreign law is a chore federal courts must often perform . . . the application of foreign law should not be ascribed undue importance." Mercier II, 981 F.2d at 1357 (internal quotation and citation omitted). On occasion, the First Circuit has gone so far as to hold that the application of foreign law should be given "little weight" in determining a *forum non conveniens* motion. See Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 721 (1st Cir. 1996), cert. denied, 520 U.S. 1155, 117 S. Ct. 1333, 137 L. Ed. 2d 493 (1997).[6] Therefore, while the application of Korean law is a public factor that weighs in favor of granting defendant's motion, this factor does not overcome the deference due to the

---

[6] Defendant argues that the First Circuit's opinion in Nowak "should be given no weight" in this court's analysis because "the choice of law issue [in Nowak] was nothing more than an afterthought." (Def. Reply at 1). This court disagrees; there is no basis to ignore or disregard the First Circuit's analysis on this issue. See Reiser (UK) Ltd. v. Bryant, 494 F. Supp. 2d 28, 32 (D. Mass. 2007) (holding that "[t]he fact that a Canadian court would be more familiar with Canadian law than a United States court ... 'is not sufficient to overcome the presumption in favor of plaintiffs' chosen forum.'" (quoting Nowak, 94 F.3d at 720-1)).

plaintiff's choice of forum and the other factors favoring retention of jurisdiction in Massachusetts.

Samsung argues that "[t]o burden the courts of the United States and engage the services of jurors who are from Massachusetts with South Korean law for an accident which occurred in South Korea would confound common sense [and] therefore [there is] no 'local interest' in having a 'local controversy' decided here." (Def. Mem. at 8-9). This court disagrees. There is a local interest in providing a convenient forum for a resident citizen claiming that a foreign corporation negligently caused him harm. See Gross v. British Broad. Corp., 386 F.3d 224, 234 (2d Cir. 2004) (recognizing that where plaintiff is from the forum state and defendant is from an alternate forum "each forum can claim a connection to one of the parties"); GT Solar Inc. v. Goi, No. 08-cv-249-JL, 2009 WL 3417587, at *16 (D.N.H. Oct. 16, 2009) (finding that plaintiff's residence in forum contributed to "local interest" in case); Phillips v. Talty, 555 F. Supp. 2d 265, 271-2 (D.N.H. 2008) (recognizing one potential forum's "interest in providing redress for injuries caused *by* one of its residents" (emphasis added) and alternate forum's interest in providing redress for harm caused *to* one of its residents). In the instant case, both Massachusetts and Korea have an interest in resolving the matter, so the public interest factors are not "significantly" tipped in favor of either. Gross, 386 F.3d at 234. As to the imposition of jury duty on the citizens of Massachusetts, "imposing jury duty in cases such as this differs little from imposing such duty in [a typical] diversity case in which the operative facts transpire outside the federal district in which that case is tried," and

therefore, this factor also does not weigh strongly in favor of Samsung's motion. <u>Mercier I</u>, 935 F.2d at 430.

Finally, Samsung asserts that it takes about a year for a case in Korea from the filing of a complaint through final judgment, and therefore "no delay would be created" by a transfer to Korea. (Def. Mem. at 9). Plaintiffs do not contest this claim. For purposes of this motion, this court accepts this statement, and on this basis finds that the factors of administrative difficulty and court congestion do not favor plaintiffs or defendant.

In sum, the only public factor which may tip the scales in any way is the fact that Korean law may apply — all other public factors are equal. However, the application of foreign law cannot be given undue weight. Moreover, given the deference given to the plaintiffs' choice of forum, and the fact that the private factors weigh heavily in favor of retaining jurisdiction, Samsung's motion should be denied. Samsung has not met its burden of proving that "relative convenience" favors litigating the claim in Korea, much less that "considerations of convenience and judicial efficiency strongly favor the proposed alternative forum." <u>Iragorri</u>, 203 F.3d at 15.

## IV.  CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that defendant's motion to dismiss for *forum non conveniens* (Docket No. 8) be DENIED.[7]

　　　　　　　　　　　　　　　　　　　　　/ s / Judith Gail Dein
　　　　　　　　　　　　　　　　　　　　Judith Gail Dein
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[7] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-154, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985).  Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).