UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAMON RODRIGUEZ and       *
LINDA RODRIGUEZ,       *
      *
            Plaintiffs       *
      *
vs.       *       CIVIL ACTION
      *       NO. 09-11028
SAMSUNG ELECTRONICS CO.       *
LTD.,       *
      *
            Defendant       *

## THE PARTIES' AMENDED JOINT STATEMENT

Pursuant to United States District Court Local Rule 16.1(D), the parties propose the following discovery schedule.

## I.      JOINT DISCOVERY PLAN AND FILING OF MOTIONS

1. Discovery shall be completed by August 31, 2011.

2. All motions pursuant to Fed. R. Civ. P. 12, 15, 19 and 20 shall be filed no later than January 15, 2011.

3. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34, and initial interrogatories propounded pursuant to Fed. R. Civ. P. 33 shall be served no later than October 31, 2010. Any objections shall be served within 30 days, and if not so served shall be deemed waived and may not be raised or otherwise proffered when answers or responses are filed. All answers/responses to the written discovery indicated above shall be served within 60 days, but no later than December 31, 2010.

4.    Fact depositions, including any depositions of Korean witnesses, will be completed by March 31, 2011. To the extent any translation services are required, the party noticing the deposition(s) shall be solely responsible for the costs of such services. If the party not noticing the deposition wishes to obtain additional translation services, he may do so at his own cost. Any witnesses who work or reside in Korea shall be deposed there and at their place of employment or other mutually agreeable location in Korea, and shall not have to travel to any other location unless such is agreed upon by the other party. However, notwithstanding the prior agreement on witnesses not having to travel for the conducting of their depositions, the party noticing the deposition(s) may, at his or its sole expense, make other reasonable arrangements for conducting and recording them, such as videoconferencing, that are agreeable to the other party, or ordered by this Court. If such alternative arrangements are utilized, the expenses attendant to such arrangements shall be the sole responsibility of the party seeking to conduct the deposition(s) except that each party will bear his own costs in connection with purchasing tapes and/or transcripts of the proceedings.

5.    The plaintiffs shall identify their experts pursuant to Fed. R. Civ. P. 26(a)(2) on or before April 30, 2011.

6.    The defendants shall identify their experts pursuant to Fed. R.Civ. P. 26(a)(2) on or before May 31, 2011.

7.    All expert depositions shall be completed by July 31, 2011.

8.    The experts may be deposed. The parties shall be responsible for paying the other party's expert's reasonable fees for time spent at the deposition pursuant to Fed.

R. Civ. P. 26(b)(4).  The parties shall not be responsible for paying the other party's expert's fees for time spent in preparing for the deposition.  The depositions of the experts shall be taken in the area the expert has his place of business, unless otherwise agreed upon by the parties.

9.    All discovery shall be supplemented pursuant to Rule 26(e) by August 15, 2011, with the exception of supplementation due under rule 26(a)(3). Motions under Rule 37 shall be filed on or before August 31, 2011.

10.    All dispositive motions, including motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed (1) on or before October 1, 2011 or (2) not later than 30 days after compliance by any party who is ordered to act in accordance with any Order issued by this Court pursuant to Rule 37, whichever is later.

11.    A final pretrial conference shall be scheduled by the court on or some time following November 1, 2011.

12.    The parties expect to be ready for trial on or sometime following December 1, 2011.

## II.  <u>CERTIFICATIONS</u>

The parties have conferred with their clients as to establishing a budget or cost for the litigation and with respect to ADR programs.  Certifications will be provided by the time of the conference or shall be filed at the time of Automatic Disclosures.

| | |
|---|---|
| The Defendant, | The Plaintiffs, |
| By Its Attorneys | By Their Attorneys, |

/s/Michael A. Fitzhugh_____    s/Alan L. Cantor_____

Michael A. Fitzhugh, BBO #169700    James A. Swartz, BBO # 556920
mfitzhugh@fitzhughlaw.com    jswartz@swartzlaw.com
FITZHUGH & MARIANI LLP    Alan L. Cantor, BBO # 073260
155 Federal Street, Suite 1700    acantor@swartzlaw.com
Boston, MA 02110    SWARTZ & SWARTZ, PC
(617) 695-2330    10 Marshall Street
　    Boston, MA 02108
　    (617) 742-1900

## CERTIFICATE OF SERVICE

I, Michael A Fitzhugh, do hereby certify that I have served a copy of the above document upon the following counsel on this day and in the manner specified herein:

Electronically Serviced Through ECF:

Alan L. Cantor, Esq.
Swartz & Swartz, PC
10 Marshall Street
Boston, MA 02108

Dated: September 23, 2010

　\_/s/ Michael A. Fitzhugh\_\_\_
Michael A. Fitzhugh

4