```
                    United States District Court
                      District of Massachusetts
```

```
_____
                              )
RAMON RODRIGUEZ and LINDA     )
RODRIGUEZ,                    )
        Plaintiffs,           )
                              )    Civil No.
        v.                    )    09-11028-NMG
                              )
SAMSUNG ELECTRONICS CO., LTD. and)
AXCELIS TECHNOLOGIES, LTD.,   )
        Defendants.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiffs Ramon and Linda Rodriguez bring suit against Samsung Electronics Co, Ltd. ("Samsung") and Axcelis Technologies, Ltd. ("Axcelis-Korea") for negligence and loss of consortium. Pending before the Court is Axcelis-Korea's motion to dismiss the case for lack of personal jurisdiction.

## I. Background

In March, 2006, Ramon Rodriguez ("Rodriguez"), an employee of Axcelis Technologies, Inc. ("Axcelis-US"), a Delaware corporation with a principal place of business in Massachusetts, traveled to Korea with fellow Axcelis-US employees to install an ion implanter on Samsung premises. Rodriguez alleges that he sustained permanent back injuries when, during that installation, he was hit by a falling truss.

On March 11, 2009, plaintiffs filed their complaint against Samsung in the Massachusetts Superior Court for Essex County. Samsung timely removed the case to this Court and, soon thereafter, moved to dismiss the case on forum non conveniens grounds. The motion to dismiss was denied and the case proceeded to discovery.

In its response to plaintiffs' first set of interrogatories, Samsung indicated that the installation team was not under its control, but rather was supervised and directed by two senior managers of Axcelis-Korea, a wholly-owned subsidiary of Axcelis-US. Axcelis-Korea is a Korean corporation with a principal place of business in Korea that provides sales and support services in Korea and China on a contract basis. It is a distinct legal entity from Axcelis-US, with separate corporate records, accounts, employees and facilities. On February 10, 2011, plaintiffs amended their complaint to add claims against Axcelis-Korea. Axcelis-Korea disputes the supervision allegation, explaining that the Axcelis-Korea employees involved were responsible for managing the overall schedule of the tool installation and for obtaining Samsung's formal acceptance, not for supervising the installation team. Axcelis-Korea contends that, to the contrary, Axcelis-US employees were solely

responsible for supervising the installation.[1]

On May 27, 2011, Axcelis-Korea filed the pending motion to dismiss counts III and IV of the amended complaint for lack of personal jurisdiction.

## II. **Legal Analysis**

### A. **Standard**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that personal jurisdiction is authorized by the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3 ("the Massachusetts long-arm statute"), and consistent with the Due Process Clause of the United States Constitution. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 8 (1st Cir. 2009). Because the Massachusetts long-arm statute reaches to the full extent that the Constitution allows, the Court may proceed directly to the constitutional analysis. See Tatro v. Manor Care, Inc., 625 N.E.2d 549, 553 (Mass. 1994); Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

Due process requires that the defendants have "minimum contacts" with the forum state such that the "maintenance of the suit does not offend traditional notions of fair play and

---

[1] For the purposes of its personal jurisdiction analysis, the Court accepts as true plaintiffs' properly supported claim that Axcelis-Korea was the supervising entity. See Adelson v. Hananel ("Adelson I"), 510 F.3d 43, 48 (1st Cir. 2007) (explaining that a court conducting a prima facie review of the jurisdictional facts must accept as true properly supported proffers of evidence by the plaintiff).

substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A court may exercise either general or specific personal jurisdiction over an out-of-state defendant. Angela Adams Licensing, LCC v. Dynamic Rugs, Inc., 463 F. Supp. 2d 82, 84 (D. Me. 2006). General jurisdiction exists when the defendant has engaged in "continuous and systematic activity," unrelated to the suit, in the forum state. Pritzker v. Yari, 42 F.3d 53, 60 (1st Cir. 1994). Specific jurisdiction exists where the plaintiff's cause of action arises from or relates closely to the defendant's contacts with the forum state. Id. Plaintiffs acknowledge that the Court does not have general personal jurisdiction over Axcelis-Korea so the Court will confine its analysis to the issue of specific personal jurisdiction.

The First Circuit employs a tripartite analysis to determine whether the exercise of specific jurisdiction is appropriate: 1) whether the claims arise out of or are related to the defendant's in-state activities, 2) whether the defendant has purposefully availed itself of the laws of the forum state and 3) whether the exercise of jurisdiction is reasonable under the circumstances. Platten v. HG Bermuda Exempted, Ltd., 437 F.3d 118, 135 (1st Cir. 2006). A court must make "an affirmative finding on each of the three elements of the test . . . to support a finding of specific jurisdiction." Negron-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 24-25 (1st Cir. 2007).

Accordingly, if the Court finds one of the elements lacking, it need not examine the others.

**B.   Application**

**1.   Relatedness**

The "relatedness" prong focuses on the causal nexus between the plaintiff's claim and the defendants' contacts with the forum state. Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009). In a tort case, it is not enough for a defendant's in-state activities to have been the but-for cause of a plaintiff's injury; rather, the First Circuit has adopted a stricter proximate cause standard which focuses upon whether the defendant's in-state conduct "form[ed] an important, or at least material, element of proof in the plaintiff's case," Harlow v. Children's Hosp., 432 F.3d 50, 61 (1st Cir. 2005), such that "the litigation itself is founded directly on those activities," Adelson v. Hananel ("Adelson II"), 652 F.3d 75, 81 (1st Cir. 2011) (emphasis added). The First Circuit's more rigorous standard ensures that defendants have fair warning that their conduct will subject them to a foreign state's jurisdiction.

Axcelis-Korea's in-state contract with Axcelis-US was surely a but-for cause of Rodriguez's injury. Had Axcelis-Korea not entered into a contract in Massachusetts with Axcelis-US to perform services in Korea, its managers would not have been present at Samsung's facility to supervise the installation and

-5-

Rodriguez would not have been injured as a result of their allegedly negligent acts or omissions.

The contract was not, however, the proximate cause of plaintiffs' injuries because their negligence claim sounds in tort, not contract, and it arose directly out of allegedly tortious conduct which occurred entirely in Korea. Axcelis-Korea's limited contacts with Massachusetts are not, as due process requires, an important or material element of proof in plaintiffs' case. To sustain their negligence action, plaintiffs must show that Axcelis-Korea's failure to supervise properly the installation caused a truss to fall and injure Rodriguez. The supervision, or lack thereof, took place in Korea. The truss fell and Rodriguez was injured in Korea. While the contract between Axcelis-Korea and Axcelis-US may have precipitated Rodriguez's trip to Korea, it was not the proximate cause of his back injury. See Christopher v. Mt. Snow, Ltd., No. 95-10352-MLW, 1996 WL 590738, at *6 (D. Mass. Sept. 24, 1996) (explaining that while Mt. Snow's advertisements "precipitated" Christopher's visit to Vermont, they were not the proximate cause of her injuries on the ski slopes).

Furthermore, the allegation that Linda Rodriguez suffered a loss of consortium in Massachusetts as a result of Axcelis-Korea's actions in Korea does not bear upon the relatedness prong and is insufficient, by itself, to support specific jurisdiction.

Mass. Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 36 (1st Cir. 1998) ("We have wrestled before with this issue of whether the in-forum effects of extra-forum activities suffice to constitute minimum contacts and have found in the negative.").

   2.   **Purposeful availment and reasonableness factors**

While plaintiffs' failure to demonstrate relatedness obviates the Court's need to weigh purposeful availment or reasonableness, plaintiffs' inability to satisfy either of those prongs reinforces the conclusion that jurisdiction over Axcelis-Korea is absent.

The purposeful availment inquiry requires the Court to reflect upon the concepts of voluntariness and foreseeability:

> Voluntariness requires that the defendant's contacts
> with the forum state proximately result from actions by
> the defendant himself. . . . Foreseeability requires
> that the contacts also must be of a nature that the
> defendant could reasonably anticipate being haled into
> court there.

Phillips v. Prairie Eye Ctr., 530 F.3d 22, 28 (1st Cir. 2008) (citations and quotation marks omitted).  The threshold showing for purposeful availment is lower in the tort context for the simple reason that a tortfeasor does not often purposely avail himself of the protections of the laws of a forum state. Kim v. Veglas, 607 F. Supp. 2d 286, 295 (D. Mass. 2009).  Even so, a tort plaintiff must make some showing as to voluntariness and foreseeability to ensure "that personal jurisdiction is not premised solely upon a defendant's random, isolated, or fortuitous

-7-

contacts with the forum state." Sawtelle, 70 F.3d at 1391 (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)).

Rodriguez has made no such showing. Axcelis-Korea did not reach out to the Massachusetts market through its website or advertising. It has no offices or employees in Massachusetts and is not registered to do business there. It has never initiated a suit in Massachusetts nor consented to be sued there. All of its services are performed in Korea and China. It defies reason to surmise that, Axcelis-Korea, a Korean corporation with a principal place of business in Korea, reasonably foresaw that its supervision of operations at a plant in Korea would subject it to a tort suit in Massachusetts.

The reasonableness factors do not suggest a different result. If it is unreasonable to require a Vermont defendant to travel to Massachusetts when the plaintiff's injury took place in Vermont, Christopher, 1996 WL 590738, at *8, it is certainly unreasonable to force a Korean company to travel over 6,000 miles to defend against a claim the basis of which originated in Korea. It would be particularly burdensome and inefficient in this case, where nearly all of the witnesses and evidence is in Korea. Finally, while Massachusetts has an interest in asserting jurisdiction over a foreign tortfeasor who causes injury within its borders, that interest is diminished where, as here, the injury occurs outside of Massachusetts. Sawtelle, 70 F.3d at 1395.

For all of those reasons, the Court finds that it lacks personal jurisdiction over Axcelis-Korea. Jurisdictional discovery is unwarranted because plaintiffs have not made a colorable claim for personal jurisdiction and have not identified additional pertinent avenues of inquiry that might allow them to do so. See <u>Stars for Art Prod. FZ, LLC v. Dandana, LLC</u>, No. 10-10629-JLT, 2011 WL 3678931, at *8 (D. Mass. Aug. 22, 2011).

It is worth noting that the dismissal of this defendant for lack of personal jurisdiction will not work an injustice. Under Massachusetts law, Rodriguez is eligible to collect worker's compensation for lost wages and medical expenses from his employer, Axcelis-US. He may continue to prosecute his suit against Samsung, over whom the Court has general jurisdiction by virtue of its continuous and systematic contacts with Massachusetts. If necessary, he can even sue Axcelis-Korea. He just cannot do so in Massachusetts.

### ORDER

In accordance with the foregoing, defendant Axcelis-Korea's motion to dismiss Counts III and IV of the amended complaint for lack of personal jurisdiction (Docket No. 38) is **ALLOWED.**
**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated November 7, 2011